**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1666-20

MTGLQ INVESTORS, L.P.,

      Plaintiff-Respondent,

v.

EILEEN BRYLINSKI and
FRANK BRYLINSKI,

      Defendants-Appellants,

and

MR. BRYLINSKI, unknown
spouse of EILEEN BRYLINSKI,

      Defendant.

_____

Submitted October 5, 2021 – Decided October 14, 2021

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-007226-17.

Eileen Brylinski and Frank Brylinski, appellants pro se.

Akerman, LLP, attorneys for respondent (Scott B. Brenner and Erica R. S. Goldman, on the brief).

PER CURIAM

In 2016, plaintiff MTGLQ Investors, L.P., received from Bank of America, N.A., the assignment of a thirty-year mortgage executed by defendants Eileen and Frank Brylinski in 2007 against their Metuchen home. In 2017, MTGLQ commenced this foreclosure action and moved for summary judgment when defendants filed an answer. In moving for summary judgment, MTGLQ asserted that a notice of intent to foreclose was sent by Bank of America to defendants in accordance with the Fair Foreclosure Act, N.J.S.A. 2A:50-56. The trial judge determined that MTGLQ submitted sufficient evidence to show the notice of intent was sent and granted MTGLQ's summary judgment motion. Final judgment of foreclosure was later entered and the property sold to MTGLQ at a sheriff's sale.

Defendants appealed, arguing there was a lack of competent proof that Bank of America sent the notice of intent prior to MTGLQ's filing of the foreclosure complaint. For reasons expressed in an unpublished opinion, we found a genuine question of fact about the notice of intent. To be specific, we held that the issue was not whether the notice of intent failed to conform to the Fair Foreclosure Act but "whether [it] was sent," explaining that if someone "can

A-1666-20

lay an adequate foundation" on this question, "then the judgment need not be disturbed." <u>MTGLQ Investors, LP v. Brylinski</u>, No. A-2409-18 (App. Div. July 14, 2020) (slip op. at 17).

Following our decision, the chancery judge conducted an evidentiary hearing. MTGLQ called a witness who testified about whether Bank of America sent a notice of intent to defendants. Defendant Frank Brylinski cross-examined the witness but neither he nor his wife testified and they did not call any witnesses to rebut the testimony of MTGLQ's witness. At the end of the hearing, the judge rendered oral findings in support of his conclusion that the witness was credible and that the notice of intent was sent. Two orders were entered on February 9, 2021. One order memorialized the factual determination about the notice of intent and concluded there was no basis to disturb the final judgment of foreclosure.[1] The other order memorialized the judge's denial of defendants' motion to compel MTGLQ to compensate them for the full value of the foreclosed property.

Defendants appeal, arguing:

> I. THE REVERSAL AND REMAND OF THE FORECLOSURE ACTION WAS NO LONGER AN

---

[1] This order appended a written opinion that further amplified the judge's oral decision.

 A-1666-20

OPTION WITHOUT SETTING ASIDE THE SHERIFF'S SALE.

II. PLAINTIFF FAILED TO LAY A SUFFICIENT FOUNDATION TO ESTABLISH THE [NOTICE OF INTENT'S] ADMISSIBILITY UNDER THE BUSINESS RECORD EXCEPTION TO THE HEARSAY RULE, N.J.R.E. 803(c)(6).

III. THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION, DENYING DEFENDANTS' MOTION FOR COMPENSATION.

Because our standard of review requires that we defer to judge-made findings when supported, as here, by credible evidence in the record, see Rova Farms Resort, Inc. v. Inv. Ins. Co., 65 N.J. 474, 484 (1974), and because defendants could not conceivably be entitled to any relief as argued in Point III absent an outright reversal of the judgment of foreclosure and dismissal of the complaint, we find insufficient merit in defendants' arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1666-20